In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1164

Lewis Henry,

Petitioner-Appellant,

v.

James Page, Warden, Stateville
Correctional Center,

Respondent-Appellee.

Appeal from the United States District Court
for the Central District of Illinois.
No. 98-3270--Jeanne E. Scott, Judge.

Argued June 6, 2000--Decided August 4, 2000

Before Bauer, Manion, and Williams, Circuit Judges.

Bauer, Circuit Judge.  Lewis Henry petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. sec. 2254. The district court denied the petition, but granted Henry a certificate of appealability on two issues. We resolve both of these issues against Henry and affirm the district court.

I.  Background

In May 1992, an Illinois state police officer stopped Henry for a traffic violation. The officer requested and obtained consent to search Henry's vehicle. With the assistance of a dog trained to smell illegal drugs, police found 2 bags of a green leafy substance they believed was cannabis and 15 bags of white powder that they suspected was cocaine. Henry was arrested and charged with unlawful possession with the intent to deliver cannabis and unlawful possession with the intent to deliver cocaine./1

A month after Henry's arrest, on June 4, 1992, Henry's attorney filed a motion for discovery requesting "a list of the items of physical evidence intended to be used by the prosecution and for a copy thereof, if possible, and . . . the right to inspect the same." The prosecution responded that, upon reasonable notice and

request, Henry could inspect, obtain, test, or photograph the physical evidence, including the substances seized during the traffic stop.

In addition to the criminal charges, the prosecution filed a civil forfeiture complaint against Henry on October 2, 1992. By agreement of the parties, the trial court entered a stipulated forfeiture order on November 2, 1992.

In August 1993, more than one year after his initial discovery request, Henry filed a motion requesting samples of the substances seized during the traffic stop so that he could subject them to analysis and testing. During the hearing on that motion, the prosecution disclosed that the substances had been destroyed. Apparently, an Illinois state police evidence custodian had received the civil forfeiture order in Henry's case and mistakenly thought that Henry's criminal case had also been completed. Believing that Henry's criminal case was closed and the evidence no longer needed, the evidence custodian destroyed the two substances. Upon learning that the substances had been destroyed, Henry filed a motion in limine seeking to bar any evidence of the results from the state's testing of the substances. Henry claimed that since he was unfairly denied the opportunity to independently analyze the substances, the government should be prohibited from introducing the results of its scientific testing of the substances. The trial court denied the motion.

At Henry's trial, a chemist testified that he received the substances seized from Henry's automobile and tested them. The chemist stated that the white powdery substance weighed 410.9 grams and contained cocaine. He also testified that the green leafy substance seized from Henry's car contained cannabis and weighed 743.4 grams.

On September 22, 1993, the jury found Henry guilty of unlawful possession of cannabis with the intent to deliver and unlawful possession of cocaine with the intent to deliver. The trial court sentenced Henry to an enhanced 80 year prison term for the cocaine conviction and a concurrent 7 year term for the cannabis conviction. The court imposed the 80 year sentence under an Illinois statute that allows a court to double a repeat drug offender's sentence. See 720 ILCS 570/408(a). The court also imposed various fines.

Henry appealed his case to the Illinois Appellate Court, which affirmed the important parts of his conviction and sentence, but gave him a $505 credit against his fines. See People

v. Henry, No. 4-93-1016 (Ill. App. Ct., July 14, 1997) (unpublished order). Henry next filed a petition for leave to appeal to the Illinois Supreme Court, but that request was denied. See People v. Henry, 686 N.E.2d 1167 (1997). And Henry then sought a writ of certiorari with the United States Supreme Court, but that petition, too, was denied. See Henry v. Illinois, 523 U.S. 1029 (1998).

On September 30, 1998, Henry filed a petition for a writ of habeas corpus under 28 U.S.C. sec. 2254 with the district court. Henry's habeas petition raised six arguments, but the district court found that only two of them were properly presented for federal habeas review: (1) Henry's claim that he was denied due process of law when the state destroyed the substances seized from his car and introduced evidence that those substances were cannabis and cocaine; and (2) his claim that his 80 year sentence violated the Eighth Amendment because it was disproportionate to the crime for which it was imposed./2 The district court reviewed these claims and found no basis for issuing a writ of habeas corpus, but did find an adequate basis for issuing a certificate of appealability on both issues. See 28 U.S.C. sec. 2253(b)(2). We now consider the merits of Henry's claims.

II.  Analysis

The statute governing this habeas case provides that:

(d)  [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

28 U.S.C. sec. 2254(d)(1). Habeas relief under sec. 2254(d)(1) is appropriate only if "the Supreme Court has 'clearly established' the propositions essential to [the petitioner's] arguments." Mueller v. Sullivan, 141 F.3d 1232, 1234 (7th Cir. 1998). A rule is "clearly established" only if it is compelled by existing Supreme Court precedent. Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996). "We may no longer rely upon our own precedent or that of other circuit courts of appeals to grant a writ." Schaff v. Snyder, 190 F.3d 513, 522 (7th Cir. 1999). Rather, the petitioner must have a Supreme Court

case to support his claim, "and that Supreme Court decision must have clearly established the relevant principle as of the time of his direct appeal." Id. If a petitioner can support his claim with clearly established Supreme Court precedent, he must next show that the state court's decision was "contrary to" or "involved an unreasonable application" of that federal law. See Bocain v. Godinez, 101 F.3d 465, 471 (7th Cir. 1996). Whether the state courts and federal district court adhered to these standards is a matter that we review de novo. See Sanchez v. Gilmore, 189 F.3d 619, 623 (7th Cir. 1999).

Henry first argues that he was deprived of due process because the state destroyed the substances seized from his car but nonetheless introduced evidence that those substances were cannabis and cocaine. According to Henry, this violated his due process rights because it prevented him from independently analyzing the substances and possibly rebutting the state's evidence that those substances were, in fact, cannabis and cocaine. Henry insists that the destruction of the physical evidence contravenes his clearly established right to have a fair opportunity to present a meaningful and effective defense. See, e.g., Ake v. Oklahoma, 470 U.S. 68, 76 (1985); Chambers v. Mississippi, 410 U.S. 284, 294 (1973). The Supreme Court has held that the constitutional right to present a meaningful defense includes access to evidence which is material to guilt or punishment. United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982); Brady v. Maryland, 373 U.S. 83, 87 (1963). Henry claims the state violated these clearly established rights in his case.

In cases very similar to this one, the Supreme Court has twice considered whether the destruction of evidence violates the Due Process Clause. In California v. Trombetta, 467 U.S. 479 (1984), defendants who had been arrested for driving under the influence of alcohol claimed that their rights to analyze physical evidence were violated when the state destroyed samples of their breath taken at the time of their arrests. The Court rejected the notion that destruction of the breath samples violated due process. Id. at 488-89. In doing so, the Court pointed out that the officers who destroyed the evidence "were acting 'in good faith and in accord with their normal practice.'" Id. at 488 (quoting Killian v. United States, 368 U.S. 231, 242 (1961)). The Court emphasized that "the record contains no allegation of official animus towards respondents or of a conscious effort to suppress exculpatory evidence." Trombetta, 467 U.S. at 488. Aside from the absence of bad faith, the Court also found that the nature of the evidence did not require

preservation of the breath samples. Specifically, the Court said:

[w]hatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

Id. at 488-89. The Court found that the evidence lacked any prior exculpatory value to defendants because the reliability of the breath tests was very high and past errors from the tests were extremely limited. The Court also pointed out that defendants had access to other evidence which they could have used to impeach the reliability of the breath sample evidence. In the end, the Court determined that there was no constitutional violation because there was no bad faith and the evidence was immaterial to the defense since it had no exculpatory value before being destroyed. Id. at 489-91.

The Court confronted the destruction of evidence issue again in Arizona v. Youngblood, 488 U.S. 51 (1988). In Youngblood, a defendant convicted of sexual assault claimed a due process violation because the state failed to properly test the victim's clothing for physical evidence and also failed to refrigerate the clothing which would have preserved the evidence for additional future testing. In rejecting this argument, the Court observed that the evidence was only "potentially exculpatory" and therefore failed Trombetta's requirement that the evidence possess an exculpatory value apparent before the evidence was destroyed. Id. at 56-57. The Court then reiterated the requirement there be some governmental bad faith by stating, "[w]e therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. at 58.

In light of the principles announced in Trombetta and Youngblood, it is readily apparent that the Illinois courts did not violate Henry's due process rights by admitting evidence of the state's test results which showed that the substances seized from Henry's car were cannabis and cocaine. First and foremost, Henry fails to demonstrate any bad faith by the police. Rather, Henry agrees that the evidence custodian

mistakenly destroyed the drugs after receiving the civil forfeiture order and incorrectly believing that his criminal case had been completed and the evidence no longer needed. Since he has demonstrated no bad faith by the government, there is no constitutional violation. See Youngblood, 467 U.S. at 57-58; Trombetta, 467 U.S. at 488; see also Jones v. McCaughtry, 965 F.2d 473, 477-78 (7th Cir. 1992); Balfour v. Haws, 892 F.2d 556, 565 (7th Cir. 1989). In addition to not showing bad faith, Henry has also failed to demonstrate that the substances seized from his car were material to his defense. There is nothing in the record to suggest that the substances possessed an exculpatory value that was apparent before they were destroyed. In fact, the only evidence in the record illustrates that the substances were cannabis and cocaine. Because there was no showing of bad faith, and nothing to suggest that the destroyed evidence was not cannabis and cocaine, the Illinois courts' decisions to admit the evidence was not contrary to or an unreasonable application of clearly established federal law as announced by the Supreme Court in Trombetta and Youngblood. Accordingly, the district court properly denied Henry's argument on this issue./3

   Henry's second argument is that the state courts violated the Eighth Amendment's prohibition against cruel and unusual punishment by imposing an 80 year sentence for his conviction of unlawful possession of cocaine with the intent to deliver. Henry bases this claimed constitutional violation on Solem v. Helm, 463 U.S. 277 (1983) in which the Supreme Court held that a sentence may violate the Eighth Amendment if it is grossly disproportionate to the crime for which it is imposed. Id. at 290-92; see also United States v. Simpson, 8 F.3d 546, 550 (7th Cir. 1993).

   Since it decided Solem, the Supreme Court has revisited the question of whether the Eighth Amendment safeguards against sentences that are grossly disproportionate to the crime of conviction. In Harmelin v. Michigan, 501 U.S. 957 (1991), a splintered Court expressed several different views of the rule announced in Solem and divergent opinions of whether Solem remains good law. Since the divided decision in Harmelin, several courts have questioned whether Solem survives. See, e.g., United States v. Kratsas, 45 F.3d 63, 67 (4th Cir. 1995). Notwithstanding this apparent confusion, "the continuing applicability of the Solem test is indicated by the fact that a majority of the Harmelin Court either declined expressly to overrule Solem or explicitly approved of Solem." Id. Our court has adhered to Solem and we continue to recognize some degree of

sentencing proportionality in the Eighth Amendment. See Koo v. McBride, 124 F.3d 869, 875 (7th Cir. 1997); Bocain v. Godinez, 101 F.3d 465, 472-73 (7th Cir. 1996). We therefore accept Solem as clearly established federal law as required by 28 U.S.C. sec. 2254(d)(1). We do so, however, bearing in mind our previous holding that "in non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion." United States v. Vasquez, 966 F.2d 254, 261 (7th Cir. 1992).

In this case, we cannot say that the Illinois courts' decisions imposing and upholding Henry's 80 year sentence were unreasonable or contrary to clearly established federal law. Initially, it is important to note that Henry's sentence was authorized by Illinois law and Henry does not dispute that his previous convictions made him eligible for the enhanced sentence. Additionally, there is no basis upon which to conclude that the sentencing court abused its discretion by imposing this sentence. Henry was a repeat drug offender and on this occasion was caught with a substantial amount of cocaine that he was planning to distribute for sale to end users. And, the fact that he was simultaneously in possession of 743 grams of cannabis that he planned to distribute served as a serious aggravating factor. In light of these circumstances, there was no abuse of discretion in Henry's sentence and the district court properly decided that Henry was not entitled to a writ of habeas corpus for receiving a grossly disproportionate sentence.

III.  Conclusion

For the foregoing reasons, the district court is affirmed.

/1 Henry was also charged with (and later convicted of) unlawful possession of cannabis and unlawful possession of cocaine. After Henry's conviction, however, these lesser-included offenses were merged into his convictions for unlawful possession with the intent to deliver.

/2 Henry does not contest the district court's ruling that his other four claims were either procedurally defaulted or not cognizable under federal habeas review.

/3 Henry relies heavily on the Illinois Supreme Court's decision in People v. Newberry, 652 N.E.2d 288 (Ill. 1995) to support his due process claim. We are not persuaded by his arguments

based on Newberry. Aside from being factually distinguishable, Newberry is not authority from the United States Supreme Court and as such cannot support a writ of habeas corpus under 28 U.S.C. sec. 2254(d)(1). See Schaff, 190 F.3d at 522.