**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio STRONG, Defendant–Appellant.**

**No. 01–2067.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 30, 2002.

Decided March 8, 2002.

Before MANION, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Antonio Strong pleaded guilty to drug-trafficking charges and was sentenced to concurrent 294–month prison terms. In determining his criminal history under the sentencing guidelines, the district court found that Strong had seven prior convictions and committed his federal crimes while serving a criminal justice sentence. This gave Strong a total of six criminal history points and placed him in criminal history category III. In this appeal, Strong contends that the district court's application of the criminal history calculations of the sentencing guidelines overstated the seriousness of his past criminal conduct, and as a result his sentences violate both the proportional sentencing requirement of the Eighth Amendment and "due process." Strong also asserts that the district court should have vacated several of his prior convictions on the ground that his Sixth Amendment right to the effective assistance of counsel was violated in each proceeding, and should have departed downward from the guideline range. We affirm.

In March 2000 Strong was indicted for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and distribution of 118.7 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The indictment charged that Strong led a conspiracy to distribute crack cocaine in and around Freeport, Illinois during the previous four years. Strong promptly agreed in a written plea agreement to plead guilty. In the agreement, the parties stipulated that Strong's base offense level was 38 under U.S.S.G. § 2D1.1(c)(2), and that he was eligible for a three-level reduction to his base offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. The parties also agreed that Strong should be assigned three criminal history points under U.S.S.G. § 4A1.1(c) based on three prior convictions and sentences in Illinois. Strong had more than three prior convictions, however. The government insisted that Strong also should be assigned three additional criminal history points: one for a two-year term of probation he served for possession with intent to distribute less than fifteen grams of cocaine; and two points under U.S.S.G. § 4A1.1(d) because Strong participated in the conspiracy while serving a 1997 probationary sentence for possession of marijuana. Strong disagreed, and reserved the right to challenge the determination of his criminal history. Strong also generally waived his right to appeal his sentence and seek collateral relief, but reserved the right to appeal "the district court's determinations regarding [his] criminal history category".

The probation officer reported that Strong had served a total of seven prior sentences for convictions in Illinois for theft, possession of marijuana, possession of a firearm without a valid firearm-owner's identification card, and unlawful use of a weapon, and multiple convictions for driving with a suspended license. In each case Strong had pleaded guilty. Although each of the seven prior sentences standing alone was worth a single criminal history point, the probation officer noted that the district court could assign a total of only four criminal history points for all seven sentences under § 4A1.1(c). And, like the government, the probation officer thought that Strong deserved two additional points under § 4A1.1(d) because he participated in the conspiracy while serving probationary sentences for convictions in 1997. These calculations placed Strong in criminal history category III.

Strong asserted that he instead should be placed in category II because his prior sentences were for convictions for relatively minor crimes, and his probationary sentences were "expungable." The district court agreed with the recommendations in the PSR, however. The court found that Strong could not dispute the existence of his seven prior sentences, and that the seven sentences warranted an assignment of four points under § 4A1.1(c). The court also found that during the conspiracy Strong was serving a term of conditional discharge for a 1997 conviction, and thus added two more points under § 4A1.1(d), for a total of six.

Strong then asked the district court to depart downward from the recommended guideline range under U.S.S.G. § 4A1.3. He argued that (1) he should not be charged points for his prior convictions for possessing marijuana and driving with a suspended license, and for committing his federal crimes while serving a criminal justice sentence because those convictions were "very minor offenses"; (2) under the circumstances not departing downward would violate the Eighth Amendment; and (3) assigning points for offenses that did not involve threats or harm to other persons was "so irrational" that it violated his "due process" rights. The district court

declined to depart downward. Although the court agreed that Strong's conviction for possessing a small amount of marijuana and his first conviction for driving with a suspended license were relatively minor crimes, the court considered as more serious Strong's subsequent convictions for driving with a suspended license and possessing marijuana, possession of cocaine with intent to distribute, unlawful use of a weapon, and theft. With a total offense level of 38 (his three-level reduction for acceptance of responsibility was neutralized by a three-level increase under U.S.S.G. § 3B1.1(b) for acting as a manager or supervisor in an offense involving five or more participants) and a criminal history category of III, Strong's guideline range was 292–365 months. The district court sentenced him near the bottom of the range to concurrent 294–month sentences.

■ The government urges us at the outset to dismiss this appeal because Strong preserved the right to appeal only "the district court's determinations regarding [his] criminal history category" but not the constitutional arguments he raises instead. We think, however, that the exception to the waiver is broad enough to encompass the issues Strong raises here—all challenges to the calculation of his criminal history—and we proceed to the merits.

■ Strong contends that his placement in criminal history category III runs afoul of several constitutional principles. He first argues that his sentences are so long given the seriousness (or lack thereof) of his criminal history that they are cruel and unusual in violation of the Eighth Amendment. A sentence may be cruel and unusual if it is "grossly disproportionate" to the crime of conviction. *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Henry v. Page,* 223 F.3d 477, 482 (7th Cir.2000). Strong

pleaded guilty to a crime carrying a maximum sentence of life imprisonment, 21 U.S.C. § 846(b)(1), but received lesser sentences within the guidelines range. Sentences prescribed under the sentencing guidelines and within the statutory maximum generally are not grossly disproportionate. *Henry,* 223 F.3d at 482; *United States v. Beckham,* 968 F.2d 47, 54 (D.C.Cir.1992); *United States v. O'Driscoll,* 761 F.2d 589, 599 (10th Cir.1985). The primary reason for the lengthiness of Strong's sentences is that his crimes involved trafficking in crack cocaine, *see United States v. Lawrence,* 951 F.2d 751, 755 (7th Cir.1991); even if Strong had no criminal history he could have received sentences of up to 293 months, just one month shy of the sentences he received.

Strong contends that it is not his total offense level that makes his sentences cruel and unusual, but the enhancement of his sentences based on prior convictions that do not demonstrate "real criminality" or show that he is at risk for recidivism. We have little difficulty rejecting this argument because courts repeatedly have sustained similarly severe sentences within the statutory maximum or guidelines range for similar (or even less severe) offenses that were enhanced by the defendant's criminal history. *See Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (mandatory life sentence without possibility of parole for distribution of more than 650 grams of cocaine); *Hutto v. Davis,* 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam) (40–year term for distributing and possessing with intent to distribute nine ounces of marijuana); *United States v. Cavender,* 228 F.3d 792, 803 (7th Cir. 2000) (420–month sentence for conspiracy, distribution of cocaine base, and possession with intent to distribute cocaine base); *Henry,* 223 F.3d at 482 (80–year sentence

for possession with intent to deliver cocaine); *United States v. Saunders*, 973 F.2d 1354, 1365 (7th Cir.1992) (262–month sentence for conspiracy to possess with intent to distribute cocaine and possession of cocaine with intent to distribute); *United States v. Marshall*, 908 F.2d 1312, 1320 (7th Cir.1990) (en banc) (20–year sentence for conspiring to distribute and distributing more than ten grams of LSD); *United States v. Cathey*, 259 F.3d 365, 368–69 (5th Cir.2001) (80–year sentence for distribution of heroin, distribution of methamphetamine, and possession of LSD); *United States v. Frisby*, 258 F.3d 46, 50–51 (1st Cir.2001) (151–month sentence for distribution of 0.8 grams of heroin); *United States v. Garrett*, 959 F.2d 1005 (D.C.Cir. 1992) (30–year sentence for possession of cocaine base with intent to distribute and possession of cocaine with intent to distribute).[1] The principle underlying these cases is that fixing the range of possible penalties for crimes is a legislative line-drawing function that courts should not lightly second-guess. *Hutto*, 454 U.S. at 374, 102 S.Ct. 703. Congress, acting through the Sentencing Commission, has determined that defendants with prior convictions even for relatively minor crimes are at greater risk for recidivism and thus deserving of greater punishment. *See* U.S.S.G. Ch.4, Pt.A, intro. comment; U.S.S.G. § 4A1.2, comment (n.9) ("This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency"). For instance, the Commission has specifically identified driving with a suspended license as a crime warranting consideration in the criminal history calculation. U.S.S.G. § 4A1.2(c)(1).

■ Strong next asserts that his sentences are so "irrational" that they violate his "due process" rights. Because he does not contend that he was sentenced under unfair procedures, we more accurately understand his "due process" argument as an attack on the substance of the criminal history calculation provisions of the sentencing guidelines. *See Marshall*, 908 F.2d at 1320. The Eighth Amendment addresses the constitutionality of criminal punishments, however, and where a specific constitutional amendment provides an explicit textual source of protection against a particular government action, that Amendment, not the more generalized notion of substantive due process, is the guide for analyzing the claim. *Albright v. Oliver*, 510 U.S. 266, 283, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In any event, substantive due process requires only that Strong's sentences be rationally related to his crimes. *Marshall*, 908 F.2d at 1320. Considering the many cases sustaining similar sentences for similar crimes, Strong cannot substantiate his claim that his sentence lacks a rational relationship to his crime. He also contends that his "due process" rights were violated when he was counseled to enter guilty pleas in state court without full knowledge of the collateral consequences of his acts. But like his due process attack on the length of his sentence, this claim is more appropriately addressed under the Sixth Amendment guarantee of effective assistance of counsel—assuming he can raise this claim in these proceedings at all, *see Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 1583–84, 149 L.Ed.2d 590 (2001).

■ Strong's final "due process" argument is that he was sentenced on the basis of "inaccurate information." He does not

---

**1.** Indeed, even if Strong fell within criminal history category II he could have received

identical sentences.

contend that the information relied upon by the district court was incorrect; rather, he says that the district court should have considered whether some of his prior probationary sentences were "diversionary dispositions" under U.S.S.G. § 4A1.2(f) and as such should not have been counted towards his criminal history. Strong did not raise this argument before the district court, so it is waived. *Cossel v. Miller,* 229 F.3d 649, 653 (7th Cir.2000). It is also meritless. Diversions from the judicial process without a finding of guilt, such as a deferred prosecution, adjudication or sentencing are not assigned criminal history points unless the disposition results from a finding or admission of guilt, or a plea of *nolo contendere.* U.S.S.G. § 4A1.2(f). Each of Strong's Illinois sentences resulted from an admission of guilt, so all were properly assigned a point under § 4A1.1(c).

■ Strong next argues that the district court should not have counted several of his prior convictions that were allegedly marred by ineffective assistance of counsel. Strong concedes that he was represented by counsel in each proceeding, but maintains that his lawyer failed to advise him of the collateral consequences of pleading guilty and accepting a sentence of court supervision or conditional discharge. But Strong may not collaterally attack prior convictions used for sentencing enhancement at a federal sentencing hearing unless those convictions were facially invalid, *i.e.,* obtained in violation of his right to counsel under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Daniels,* 121 S.Ct. at 1583–84; *Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *Ryan v. United States,* 214 F.3d 877, 879 (7th Cir.2000). Convictions tainted by ineffective assistance of counsel are not fa-

cially invalid. *Custis,* 511 U.S. at 496, 114 S.Ct. 1732.

■ Acknowledging this, Strong insists that he was asking the district court only to ignore, not vacate, the allegedly infirm convictions. This is a distinction without substance. Assignment of criminal history points to prior convictions is not optional unless the district judge believes that a departure from the guideline range under U.S.S.G. § 4A1.3 is appropriate. In this case the district judge believed it was not, and Strong's last argument is that the court should have concluded otherwise. We have no jurisdiction to review a district court's discretionary refusal to depart from the sentencing range recommended by the guidelines unless that refusal was based on the district court's erroneous belief that it lacked the power to depart. *United States v. Collins,* 272 F.3d 984, 987 n. 1 (7th Cir.2001); *United States v. Hillsman,* 141 F.3d 777, 780 (7th Cir.1998). At the close of sentencing, the judge confirmed he was aware of his authority to depart downward, yet after considering the arguments of counsel declined to do so:

> The court has discretion to lower [Strong's] criminal history based on 4A1.3....
>
> The real issue before me is whether the crimes are such that they ... overstate his criminal history. The government is correct that only four points can be added. Otherwise he would have had seven. So, he got a break there. And while three were driving after suspension, which some characterize as pretty minor, the third offense and the second offense, they're more serious, and the other convictions are for petty theft and unlawful use of weapons and possession with intent to sell cannabis, and they're not minor.

I'm going to decline—in my discretion I'm going to decline to make a downward departure.

We cannot review the district court's refusal to depart downward in this case.

Accordingly, we AFFIRM the judgment of the district court.