**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2009[*]
Decided July 16, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2910

| | |
|---|---|
| BARRY L. BALL, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07-cv-670-bbc |
| GREG GRAMS, | |
| *Respondent-Appellee.* | Barbara B. Crabb, |
| | *Chief Judge*. |

### O R D E R

Wisconsin prisoner Barry Ball petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he was deprived of good-time credits in violation of his due-process rights under the Fourteenth Amendment. The district court found that the prison authorities acted properly and denied Ball's petition. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Prison officials at Oshkosh Correctional Institution issued Ball a conduct report that charged him with sexual conduct and battery in violation of the Wisconsin prison code. *See* WIS. ADMIN. CODE §§ DOC 303.12, 303.15. The report concluded, based on the sworn statements of five confidential informants (only three were notarized), that Ball engaged in repeated sexual contact with one inmate (Ball's former cellmate) and attempted sexual contact with two others (who were not named). The report also charged Ball with striking his former cellmate on the face hard enough to leave a red mark. The report summarized each informant's sworn statement, but did not disclose the identities of the informants, who feared for their personal safety, or the times and locations of the events.

At the disciplinary hearing, Ball objected to withholding the times and locations of the incidents and filed a written statement denying all the charges. The disciplinary committee, though, found Ball guilty of misconduct with his former cellmate. It explained that it reviewed the sworn statements of the five informants and found the statements to be credible, detailed, and consistent with one another. The committee also noted that Ball had provided no evidence to corroborate his denial of wrongdoing. It sentenced Ball to eight days of adjustment segregation, 360 days of program segregation (resulting in a loss of good-time credits), and a transfer to another institution.

After exhausting his remedies in the prison, Ball filed a petition for review in the Wisconsin state courts, as he was required to do before turning to the federal courts. *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). The Wisconsin Court of Appeals, the last state court to hear his case, affirmed the denial of Ball's petition. *See State of Wisconsin ex rel. Ball v. Frank*, 712 N.W.2d 87, 2006 WL 407689 (Wisc. App. 2006) (unpublished order). That court concluded that the notice Ball received was sufficient for him to mount a defense against the charges of a sexual relationship with his former cellmate and a battery against him. It expressed concern about withholding details regarding the two other alleged instances of attempted sexual conduct, but concluded that its concern was mitigated because Ball was not punished for those acts, only for those against his cellmate. As to the charges concerning Ball's cellmate, because the two men were housed together for only about 60 days, the court concluded that Ball had notice of the general time of the offense. Finally, the court refused to discredit the two statements that were not notarized because they were made under oath as required by the Wisconsin Administrative Code § DOC 303.81(5).

Because the prison's disciplinary proceeding deprived Ball of good-time credits, he properly brought his petition under 28 U.S.C. § 2254 to claim that the proceeding denied him due process. *See Wolff v. McDonnell*, 418 U.S. 529, 557, 572 (1974). Furthermore,

because the Wisconsin Court of Appeals decided the merits of Ball's challenge to his prison discipline, the limited-review provisions of 28 U.S.C. § 2254(d) apply. *White v. Ind. Parole Bd.*, 266 F.3d 759, 766 (7th Cir. 2001). As relevant here, federal collateral relief is not available unless the state-court adjudication was contrary to or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). We review de novo the district court's application of these principles in considering a petition for a writ of habeas corpus. *Julian v. Bartley*, 495 F.3d 487, 491 (7th Cir. 2007).

On appeal Ball raises two procedural challenges to the district court's decision. First he complains that the district court incorrectly placed the burden on him to show that the decision of the Wisconsin court was contrary to the precedent of the Supreme Court. But it is Ball, not the prison, who bears that burden. *See Badelle v. Correll*, 452 F.3d 648, 659 (7th Cir. 2006); *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000). Ball next contends that he was not given a chance to argue fully his petition to the district court. But the court followed the procedures in the Rules Governing Section 2254 Cases. Ball submitted a petition setting forth his proposed grounds for relief, *see* Rule 2(c), he replied to the state's answer to his petition, *see* Rule 5(e), and he even filed a 21-page objection to the magistrate judge's report and recommendation—all of which the district court considered. And, finally, Ball does not identify any issue that he was prevented from raising.

Ball's most serious attack surrounds the absence of any dates or locations in the prison's charging document. He asserts that he was unable to put on an effective defense without this information. He also contests the Wisconsin court's conclusion that the relationship took place during the 60-day period in which the two men were double-celled because the time of the offense was never stated in the charging document or anywhere else in the administrative record. He insists, also, that the district court should have held an evidentiary hearing to identify the prison's reasons for not revealing the locations and times, which Ball believes would not withstand scrutiny.

The Supreme Court has held the notice of prison disciplinary charges is sufficient if it "inform[s] [Ball] of the charges and . . . enable[s] him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. The notice should alert the inmate to the rule that he allegedly violated and summarize the facts underlying the charge. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). In this case, the prison told Ball whom he was accused of acting against (his former cellmate) and what offenses he was accused of committing (sexual acts and a battery). Even without knowing the precise dates and locations of the misconduct, Ball could still gather evidence to mount a defense against the charges. For example, in addition to his own sworn statement, he could have sought the testimony of his former cellmate to support his denial of any sexual misconduct or battery.

Although the dates and locations might have helped Ball, our task is limited to deciding whether the Wisconsin court's conclusion that the notice was sufficient is an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). The decision is reasonable if it is "minimally consistent with the facts and circumstances of the case." *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002). Ball cites to district-court and circuit-court decisions that he believes suggest that the Wisconsin court was wrong. *See McCollum v. Miller*, 695 F.2d 1044, 1048-89 (7th Cir. 1982); *Washington v. Chrans*, 769 F. Supp. 1045, 1054 (C.D. Ill. 1991); *Franklin v. Israel*, 537 F. Supp. 1112, 1117-18 (W.D. Wisc. 1982); *Rinehart v. Brewer*, 483 F. Supp. 165, 169 (S.D. Iowa 1980). But these cases show, at most, that another court may have viewed the sufficiency of notice differently than the Wisconsin court, not that the Wisconsin court's decision was unreasonable. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). And even *McCollum* recognizes that prison officials may withhold the time and place of an alleged offense if other procedural safeguards are present to guard against errors, such as requiring that statements be under oath, as was done here. 695 F.2d at 1048-49. Without any Supreme Court case requiring dates and locations, it was not unreasonable for the Wisconsin court to conclude that the notice was sufficient. Therefore the federal district court did not need to inquire further into the prison's reasons for not divulging that information.

Finally, Ball objects that two of the confidential statements were not notarized, and therefore the disciplinary committee should have disregarded them. The Wisconsin Court of Appeals rejected this contention because the statements were made under oath. Ball has pointed to no Supreme Court case that compels, as a matter of due process, the opposite conclusion. The case he does cite, *Aguilar v. Texas*, 378 U.S. 108, 114-15 (1964), discusses the use of informants in finding probable cause in a criminal context—inapplicable to prison disciplinary proceedings. *See Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). Accordingly, the Wisconsin court did not unreasonably decide that the disciplinary committee could rely on the sworn but unnotarized statements.

We **AFFIRM** the district court's denial of Ball's petition for a writ of habeas corpus.