CHESTER A. SHEA, Petitioner-Appellant, v. PAUL EDWARDS *et al.*, Respondents-Appellees.

Third District   No. 3—91—0173

Opinion filed October 31, 1991.

Chester A. Shea, of Joliet, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield (Claudia Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McCUSKEY delivered the opinion of the court:

The *pro se* petitioner, Chester A. Shea, filed a petition for a writ of *mandamus* and a writ of *habeas corpus*. He sought relief from disciplinary actions taken against him by various officials of the Illinois Department of Corrections (DOC). The disciplinary actions had resulted in the revocation of one year of his good-time sentence credits, his segregation for one year, and his demotion to C grade classification. The respondents, James W. Fairman, warden of the Joliet Correctional Center, Kenneth McGinnis, Director of the Illinois Department of Corrections, and Paul Edwards and Marilyn Coutee, correctional officers, moved to dismiss the petition, contending that it failed to state a claim upon which relief could be granted. The trial court granted the motion to dismiss. The petitioner appeals. We reverse.

The record shows that on January 4, 1990, Shea was issued a prison disciplinary report charging him with violating disciplinary rules prohibiting fighting and creating a dangerous disturbance. The

report indicated that the dangerous disturbance occurred at 2:05 p.m. on January 2, 1990, and informed Shea as follows:

"You Shea are being charged with the above violation due to the fact that you were identified by picture photos as being involved in the fight on 6 Gallery of the West cellhouse on the above date and time at that time you received injuries."

Shea later received an amended disciplinary report. In it he was advised as follows:

"On the above date, time, and location you inmate Shea *** were identified by picture photo as participating in a dangerous disturbance and fight, on 6 Gallery with approx. 20-25 inmates involved. The incident caused several inmates to be treated for injuries and some to an outside hospital. This action resulted in an institutional lockdown of the west cellhouse."

The other participants in the alleged disturbance were not identified.

At the hearing before the adjustment committee, Shea presented two statements in response to the original and amended reports outlined above. In both statements he denied the charges and requested the name of the unnamed source who had identified him from the photograph and the names of the inmates he had allegedly fought with. He also asked for more time to prepare his defense. His requests were denied.

The committee's summary indicated that Shea was identified from a photograph by a confidential witness who saw him help another inmate, Davidson, fight a third inmate. Based on this statement and Shea's admission that he was at the scene of the incident on 6 Gallery at the time in question, the adjustment committee concluded that Shea had participated in the fight. The name of the confidential source was deleted from Shea's copy of the committee's summary.

Following the adjustment committee's determination, Shea filed a grievance with the grievance committee in which he sought expungement of his disciplinary reports. He presented inmate Davidson's affidavit in which Davidson stated that Shea did not help him in the fight. The grievance officer reviewed the committee's report and Davidson's statement, and concluded that the violations had occurred as reported. The Administrative Review Board affirmed this decision.

On appeal, Shea argues that the prison officials failed to comply with several DOC rules and regulations for conducting disciplinary hearings. Among other things, he contends that the failure of the adjustment committee to disclose the name of the confidential witness violated the DOC's regulations and therefore his right to due process. We agree.

*Mandamus* is an appropriate remedy to compel the Department of Corrections to follow its own regulations. (*Taylor v. Franzen* (1981), 93 Ill. App. 3d 758, 417 N.E.2d 242.) In *Thompson v. Lane* (1990), 194 Ill. App. 3d 855, 551 N.E.2d 731, the instant issue was raised concerning the nondisclosure of a confidential source on the two petitioners' disciplinary tickets. The *Thompson* court held that if the DOC uses a confidential source and it wishes to rely on safety concerns for not disclosing the confidential source's identity, it must say so on the face of the inmate's disciplinary ticket.

In the instant case, Shea was not given his accuser's name and the DOC did not provide any reason for its failure to disclose this information. Accordingly, Shea is entitled to a new disciplinary hearing.

We note in so finding that *Clayton-El v. Lane* (1990), 203 Ill. App. 3d 895, 561 N.E.2d 183, cited by the instant respondents, is not dispositive. In *Clayton-El*, the inmate's disciplinary ticket specifically informed him that he had been identified as a participant in a murder by a confidential source whose identity was being withheld for security reasons. The ticket further stated the name of an investigator the inmate could contact for the specific statements of the confidential witness. Thus, enough information concerning the confidential source was provided to comport with due process in that case.

Our resolution of this issue makes it unnecessary to address the petitioner's remaining claims.

For the foregoing reasons, the order of the circuit court of Will County dismissing the petitioner's petition for a writ of *mandamus* is reversed. There being no issue remaining for the circuit court, we find no need to remand this cause to it. Pursuant to our authority under Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366), we hereby order the DOC to conduct a rehearing on the petitioner's disciplinary reports, or in the alternative, to restore the petitioner's lost good-time credits and rescind his segregation and demotion in grade.

Reversed.

STOUDER, P.J., and GORMAN, J., concur.