Gary **MAYNARD**, et al., Petitioner,

v.

David Lee **BROWN**, Respondent.

No. P 92–1000.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1993.

ORDER ASSUMING JURISDICTION, GRANTING THE STATE'S APPLICATION FOR A WRIT OF PROHIBITION AND REVERSING ORDER OF THE DISTRICT COURT AND REMANDING MATTER TO DISTRICT COURT FOR FURTHER PROCEEDINGS

The Attorney General on behalf of the Department of Corrections filed an applica-

tion for a writ of prohibition. The State contends the District Court of Oklahoma County granted David Lee Brown an application for a writ of mandamus directing the Department of Corrections to apply emergency time credits to Mr. Brown's records which will allow Mr. Brown to be released from incarceration earlier than he should be.

In an order filed August 11, 1992, the Honorable Charles L. Owens found: "... the Oklahoma Legislature in enacting the Oklahoma Prison Overcrowding Emergency Powers Act, 57 O.S.1991, §§ 570 et seq., could not have reasonably intended in Section 573(2) that a non-violent offense should include mere *Possession* of a Weapon While Committing a Felony, which is the crime upon which the respondent denies petitioner credits in this case. Indeed as the petitioner points out, Section 571 of the Act under sub-section dd refers to *use* of a firearm or offensive weapon to commit or attempt to commit a felony."

The State's application asserts Mr. Brown is currently serving sentences for the following offenses:

CRF–86–2846 Jumping Bail—one year sentence

CRF–86–4423 Possession of a controlled dangerous substance (cocaine)—five year sentence

CRF–86–4662 Five year sentence for each count—

Count 1 = Possession of a controlled dangerous substance with intent to distribute (cocaine)

Count 2 = Possession of a weapon while committing a felony (a semi-automatic 9 mm assault rifle)

Count 3 = Possession of a weapon while committing a felony (a Smith and Wesson .44 Magnum handgun)

Count 4 = Maintaining a dwelling house for the purpose of keeping a controlled dangerous substance

CRF–86–1636 Five year sentence for each count—

Count 1 = Possession of a controlled dangerous substance with intent to distribute (cocaine)

Count 2 = Possession of a weapon while committing a felony (a .44 Dan Wesson Magnum)

Count 3 = Maintaining a dwelling house for the purpose of keeping controlled dangerous substance (cocaine)

CRF–87–1651 Five year sentence for each count—

Count 1 = Concealing Stolen Property (typewriter)

Count 2 = Concealing Stolen Property (computer)

The State contends possession of a firearm while committing a felony falls within the "cap" credit exclusion set forth in Section 571(5)(dd) of Title 57. Further, the State argues there is no consensus of decision on this issue as at least one other District Court has held differently; thus, some inmates are receiving these credits while others are not. The Department of Corrections seeks a writ of prohibition against such future orders as there are other inmates similarly situated in the custody of the Department of Corrections.

In an order entered February 10, 1993, we directed Judge Owens, or a designated representative, respond to the State's application, with copies of Mr. Brown's Judgments and Sentences attached to the response. The response was filed March 26, 1993, with the Exhibits filed April 9, 1993.

Judge Owens granted David Lee Brown's application for a writ of mandamus in an order filed August 11, 1992. Respondent asserts the State did not timely seek extraordinary relief in this matter. The application for extraordinary relief was filed in this Court October 20, 1992. *See* 22 O.S.A., Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 10.1(C).

On April 27, 1993, we directed the State to file a supplemental brief addressing the appropriateness of a request for extraordinary relief, set forth any extenuating circumstances explaining why the State failed to timely seek relief, and to identify the other District Court referred to in the State's brief that ruled differently from Judge Owens and to attach a copy of such

order. The State's response was filed May 27, 1993.

The State did not timely seek extraordinary relief in this matter. Extenuating circumstances have been set forth in the State's supplemental brief. The State also identifies three other cases, in the District Courts of Muskogee, Leflore and Okfuskee Counties, in which the same issue is addressed and emergency time credits have been denied for conviction of unlawful possession of a firearm during the commission of a felony. Therefore, based upon the conflicting conclusions of the District Courts and because inmates similarly situated in the custody of the Department of Corrections are being treated differently, we are assuming jurisdiction of this matter and addressing the application for extraordinary relief filed by the State.

Title 21 O.S.Supp.1982, § 1287, entitled "Use of firearm or other offensive weapon while committing or attempting to commit a felony—Penalties", states: "Any person who, while committing or attempting to commit a felony, possesses a firearm or any other offensive weapon in such commission or attempt, whether the firearm is loaded or not, or who possesses a blank or imitation firearm capable of raising in the mind of one threatened with such device a fear that it is a real firearm, or who possesses an air gun or carbon dioxide or other gas-filled weapon, electronic dart gun, knife, dagger, dirk, switch-blade knife, blackjack, ax, loaded cane, billy, hand chain or metal knuckles, in addition to the penalty provided by statute for the felony committed or attempted, upon conviction shall be guilty of a felony for possessing such weapon or device, which shall be a separate offense, ... " (emphasis added).

■ We agree with the State's contention that "possession" of a firearm or offensive weapon when committing or attempting to commit a felony falls within the emergency time credit exclusion set forth in 57 O.S.Supp.1984, § 573, as defined in 57 O.S.Supp.1984, § 571(5)(dd). The Legislature appears to have taken Section 571(5)(dd) directly from the heading of 21 O.S.Supp.1982, § 1287. We find no other statute which would be applicable.

When Section 1287 of Title 21 was enacted in 1969, H.B. No. 1056 was "[a]n act relating to crimes and punishment; making the use of firearms a felony while committing or attempting a felony; and providing for a prison sentence for any person who commits or attempts to commit a felony when armed with any type of firearm or any other offensive weapon." The word "uses", and not "possesses", was used by the Legislature throughout the body of the statute. However, in 1982 the Legislature amended Section 1287 and, while not changing the heading of the statute, replaced the word "uses" with "possesses" throughout the body of the statute.

It is apparent the Legislature enacted the heading of Section 1287 as well as the substantive portion of the statute; therefore, the heading is part of the substantive portion of the statute as set forth in the Session Laws. While the terms "uses" and "possesses" may appear in some ways not to be consistent, it is clear the Legislature's intent under Section 571(5)(dd) of Title 57, was and is, that a violation of Section 1287 of Title 21 is excluded from the definition of a "nonviolent offense". As defined by the Legislature, and as exhibited by the Legislature's interchangeable application of the words "uses" and "possesses" in 21 O.S.Supp.1982, § 1287, a "nonviolent offense" is not "use", or "possession", of a firearm or offensive weapon to commit or attempt to commit a felony.

■ Therefore, the order of the District Court of Oklahoma County directing the Department of Corrections grant Mr. Brown appropriate emergency time credits for his convictions for "possession of a weapon while committing a felony" is REVERSED. This matter is REMANDED to the District Court for appropriate actions consistent with this order.

IT IS SO ORDERED.

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON, Vice
Presiding Judge

/s/James F. Lane
JAMES F. LANE, Judge

/s/Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/Reta M. Strubhar
RETA M. STRUBHAR, Judge