In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3354

Ronnie L. McAtee,

Petitioner-Appellant,

v.

Roger D. Cowan,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00-C-1339--Matthew F. Kennelly, Judge.

Submitted April 23, 2001--Decided April 23, 2001
Opinion May 15, 2001/1

  Before Easterbrook, Manion, and Diane P.
Wood, Circuit Judges.

  Per Curiam.  Illinois inmate Ronnie
McAtee filed a petition for a writ of
habeas corpus challenging two prison dis
ciplinary proceedings that resulted in
his loss of good-time credits. The
district court dismissed McAtee's
petition after concluding that he failed
to exhaust all state judicial remedies,
thus procedurally defaulting his claims.
We affirm.

  In February 1997, McAtee scuffled with
several guards outside of his cell at Big
Muddy Correctional Center. The incident
resulted in his immediate transfer to the
segregation unit at Menard Correctional
Center and charges of violating prison
rules, assault, and disobeying a direct
order. Eleven days after his transfer to
Menard, McAtee appeared at a disciplinary
hearing before the Prison Adjustment
Committee (PAC). He denied committing the
infractions, but the PAC found him
guilty, revoked one year of good-time
credits, and imposed other sanctions not
relevant here. McAtee appealed to the
Prison Review Board (PRB) and to the
Director of the Department of
Corrections. The PRB and the Director
denied his appeal on August 14, 1997.
McAtee then filed a grievance with the

Administrative Review Board (ARB). The ARB referred the grievance to Internal Affairs, which discovered that one of the officers who squabbled with McAtee had falsified and concealed his actions in relation to the incident. McAtee petitioned the PRB for restoration of his good-time credits, but never received a response. Some time later McAtee was transferred to Pontiac Correctional Center. In July 1998 he was involved in a similar altercation with several Pontiac guards and charged with violating prison rules, damaging state property, and disobeying a direct order. The PAC found him guilty and revoked three months of good-time credits. McAtee's administrative appeals and grievances seeking relief from this sanction were denied in August 1998.

McAtee filed a timely action for mandamus in Illinois court seeking restoration of his good-time credits./2 McAtee claimed that his due process rights were violated because his first disciplinary hearing was not held within eight days after the Big Muddy incident occurred, there was insufficient evidence to support the charges, the PAC failed to adequately explain in writing its reasons for sanctioning him, and the PAC failed to disclose exculpatory evidence. The state court dismissed his complaint on May 3, 1999, concluding that McAtee's hearing was timely, the PAC adequately explained its findings, and the evidence was sufficient to support the charges. The court also found that McAtee could not show that the PAC members failed to carry out their ministerial duties, a requirement for mandamus relief. McAtee did not appeal this decision to the Illinois Appellate Court because he missed the deadline to file his notice of appeal. Instead, McAtee petitioned for a writ of habeas corpus under 28 U.S.C. sec. 2254 in the Central District of Illinois. The district court determined that McAtee was in custody in the Northern District of Illinois, and transferred his petition there pursuant to 28 U.S.C. sec. 2241(d). The district court dismissed, concluding that McAtee procedurally defaulted his claims by not appealing the adverse judgment.

State prisoners challenging the deprivation of good-time credits by way of a habeas corpus petition must exhaust

adequate and available state remedies before proceeding to federal court. 28 U.S.C. sec. 2254 (b)(1); Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973). The state remedies that must be exhausted in the prison-disciplinary context, however, vary from state to state. For instance, Indiana has no judicial procedure for reviewing prison disciplinary hearings, so Indiana inmates may immediately petition for a writ of habeas corpus in federal court after exhausting their internal administrative remedies. Harris v. Duckworth, 909 F.2d 1057, 1058-59 (7th Cir. 1990) (discussing Hasty v. Broglin, 531 N.E.2d 200, 201 (Ind. 1988)). On the other hand, Wisconsin inmates have a judicial remedy--a petition for a common law writ of certiorari to the Wisconsin state courts, see Walker v. O'Brien, 216 F.3d 626, 637 (7th Cir. 2000); Hamlin v. Vandenberg, 95 F.3d 580, 585 (7th Cir. 1996); Peckham v. Krenke, 601 N.W.2d 287, 289-90 (Wis. Ct. App. 1999)--that they must exhaust before filing their federal petitions. Like their Wisconsin neighbors, Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court. See Johnson v. McGinnis, 734 F.2d 1193, 1198-99 (7th Cir. 1984). If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845-48 (1999). McAtee started the process but failed to finish it.

McAtee argues that under the circumstances he should be allowed to proceed. First, relying on Wilwording v. Swenson, 404 U.S. 249 (1971), he asserts that he was not required to seek a state mandamus remedy as a prerequisite to proceeding in federal court. He misreads Wilwording. Wilwording holds that state prisoners are not required to pursue separate state remedies that could be available before filing a habeas corpus petition in federal court, so long as the prisoner has allowed the state courts one fair opportunity to pass upon and correct the alleged violations. 404 U.S. at 250. Thus, if McAtee had another adequate and available avenue for relief and took advantage of it, he would not be required

to seek an order of mandamus as well. An action for mandamus, however, is the preferred procedure in Illinois for remedying unfair prison disciplinary hearings. McAtee started on the correct procedural route but failed to see it through.

He also claims that under Smith v. Digmon, 434 U.S. 332 (1978), he was not required to appeal the dismissal of his mandamus action. But Smith holds that federal courts cannot assume a claim has been procedurally defaulted merely because the state courts fail to mention the claim in their opinions. 434 U.S. at 333-34. Here, the Illinois appellate and supreme courts were never presented with the opportunity to discuss McAtee's claims because he did not appeal.

Finally, McAtee contends that his failure to appeal should be excused because the state court erroneously believed it lacked the authority to review his disciplinary hearing by way of an action for mandamus. That is not a fair reading of the court's order--the state court did review McAtee's due process claims. But in any event, the power of the Illinois courts to review prison disciplinary proceedings and restore good time credits for violations of both federal and state law is well-established. See Durbin v. Gilmore, 718 N.E.2d 292, 294-97 (Ill. App. Ct. 1999); Armstrong v. Washington, 682 N.E.2d 761, 762 (Ill. App. Ct. 1997); Shea v. Edwards, 581 N.E.2d 822, 823 (Ill. App. Ct. 1991); Taylor v. Franzen, 417 N.E.2d 242, 247 (Ill. App. Ct. 1987); People ex rel. Stringer v. Rowe, 414 N.E.2d 466, 469 (Ill. App. Ct. 1980). If the state court dismissed McAtee's complaint because it erroneously believed otherwise, McAtee should have appealed. Moreover, to excuse procedural defaulthabeas corpus petitioners must show cause and prejudice for failing to fairly present their claims to the state courts or that a fundamental miscarriage of justice will occur, Coleman v. Thompson, 501 U.S. 722, 750 (1991), and McAtee did not attempt to make either showing, see Wilson v. Briley, 243 F.3d 325, 329 (7th Cir. 2001).

Accordingly, we AFFIRM the judgment of the district court.

FOOTNOTES

/1 Pursuant to Circuit Rule 53, this opinion was
originally issued as an unpublished order on
April 23, 2001. The court, upon request, issues
this decision as an opinion.

/2 Illinois has abolished "writs" of mandamus.
Instead, litigants must file a complaint request-
ing an order of mandamus as relief. See 735 ILCS
5/14-102; People ex rel. Braver v. Washington,
724 N.E.2d 68, 70 n.1 (Ill. App. Ct. 1999).