Linda A. CALDWELL, Petitioner–Appellant,

v.

Lynn CAHILL–MASCHING, Respondent–Appellee.

No. 01–1420.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 2001 *.

Decided Sept. 14, 2001.

Before Hon. FLAUM, Chief Judge, Hon. EASTERBROOK, Hon. KANNE, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

■ Illinois inmate Linda Caldwell was found guilty of violating prison rules by the Adjustment Committee at Dwight Correctional Center, and her punishment included the loss of good-time credits. Because good time affects the length of custody, state prisoners like Caldwell may challenge prison disciplinary proceedings resulting in the loss of good time by way of a federal petition for a writ of habeas corpus so long as they first exhaust adequate and available state remedies. 28 U.S.C. § 2254(b)(1)(A); *McAtee v. Cowan,* 250 F.3d 506, 508 (7th Cir.2001). Caldwell sought such a writ, but the district court dismissed her petition without prejudice after concluding that she had failed to first exhaust her state remedies by seeking an order of mandamus from an Illinois court.

■ This decision was correct. As we explained in *McAtee,* Illinois inmates seeking the restoration of good-time credits lost due to constitutionally infirm disciplinary proceedings must "file a complaint for an order of mandamus from an Illinois circuit court. If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court." *McAtee,* 250 F.3d at 508–09 (citation omitted). Because Caldwell concedes that she failed to seek an order of mandamus, we AFFIRM the judgment of the district court.