F I L E D
United States Court of Appeals
Tenth Circuit

NOV 29 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TONY MARTIN,

      Petitioner-Appellant,

v.

GARY GIBSON, Warden,

      Respondent-Appellee.

No. 01-6211

(D.C. No. CIV-00-1631-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Tony Martin seeks a certificate of appealability to appeal the district court's denial of his pro se 28 U.S.C. § 2254 habeas petition. We deny his request for a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability and dismiss the appeal.

In 1998, Martin was convicted in state district court of larceny of merchandise from a retailer after former conviction of two or more felonies. His conviction and sentence were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA). The state district court denied post-conviction relief, and the OCCA declined jurisdiction because the petition had not been timely filed, citing OCCA Rule 5.2(C)(2). Martin then filed an application for state habeas relief in the OCCA, which was denied because he failed to attach an order of the state district court denying relief, citing OCCA Rule 10.1(C)(2).

Martin filed this action on September 21, 2000, alleging (1) the trial court erred in admitting his involuntary confession into evidence; (2) he received ineffective assistance by both trial and appellate counsel; (3) the state violated his right to counsel during a "show-up," which tainted the in-court identification; (4) the state improperly commented on his failure to testify; and (5) his sentence was excessive. The district court adopted the report and recommendation of the magistrate judge and denied relief.

With regard to Martin's claims that his confession was involuntary and that he received ineffective assistance of counsel, the district court found those issues had been raised in state post-conviction and state habeas proceedings and had been procedurally defaulted on state grounds. On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state ground unless petitioner can

2

demonstrate cause and prejudice or a fundamental miscarriage of justice. <u>English v. Cody</u>, 146 F.3d 1257, 1259 (10th Cir. 1998). These claims were defaulted for failure to comply with OCCA Rules 5.2(C)(2) and 10.1(C)(2). We agree with the district court that these rules constitute an independent and adequate state procedural ground, and that Martin has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Duvall v. Reynolds</u>, 139 F.3d 768, 797 (10th Cir. 1998).

With regard to Martin's three remaining claims, we have examined the record and conclude that the district court did not err in concluding Martin failed to show that the OCCA's determination of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, established federal law or an unreasonable determination of the facts in light of the evidence presented. <u>See</u> 28 U.S.C. § 2254(d). We agree with the magistrate's recommendation on these issues, as adopted by the district court.

Martin has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2). We DENY a certificate of appealability and DISMISS the appeal. Martin's request to proceed on appeal in forma pauperis is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3