**Louis GONZALES, Petitioner–Appellant,**

v.

**Lenora JORDAN, Warden, Respondent–Appellee.**

No. 01–6415.

United States Court of Appeals, Tenth Circuit.

June 5, 2002.

Before TACHA, Chief Judge, EBEL, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Louis Gonzales, an Oklahoma prisoner proceeding pro se, seeks to appeal the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We deny Gonzales's application for a certificate of appealability.

### I

Gonzales was convicted of second degree rape in state court and sentenced to fifteen years' imprisonment. After his incarceration, prison officials approved Gonzales's participation in the prison's Sex Offender Treatment Program ("SOTP"). Gonzales participated in at least one sex offender program in prison in 1994 but did not participate in the SOTP after he was transferred to a new prison on July 12, 1994. From that date until August 1, 1998, Gonzales was not part of the SOTP.

From July 1994 to August 1998, Gonzales also was treated as a "Level 3" or "Level 4" prisoner for purposes of accumulating credit for time served. A Level 3 prisoner receives up to thirty-three days credited to his sentence for each month served; a Level 4 prisoner receives up to forty-four days credited to his sentence for each month served.

During an audit of Gonzales's record, a state corrections department official concluded that Gonzales had improperly been treated as a Level 3 or Level 4 prisoner during the period when he was not participating in the SOTP. The official then reclassified Gonzales as a "Level 1" prisoner—who receives no credit for time served—for that period. This reclassification resulted in the revocation of the credit for over two thousand days served by Gonzales.

Gonzales challenged the revocation of his time served credits in prison administrative proceedings and subsequently filed a petition for mandamus/habeas corpus in state district court. Gonzales argued that he had never refused to serve in the SOTP and that he had not participated in the program because his reading comprehension—below the eighth-grade level—rendered him ineligible for the SOTP. The state district court rejected Gonzales's claims on the merits, finding that he had refused to participate in the SOTP and concluding that the state had therefore properly revoked his credits. After the entry of judgment by the state district court on December 13, 1999, Gonzales filed an appeal with the Oklahoma Court of Criminal Appeals ("OCCA") on February 22, 2000. The OCCA denied Gonzales's appeal as untimely pursuant to OCCA Rule 10.1(C), Okla. Stat. tit. 22, ch. 18., App., which requires all appeals from denials of extraordinary writs such as mandamus and

---

\* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus to be filed with the court within thirty days.[1]

Gonzales then filed a petition for a writ of habeas corpus in federal district court. The magistrate recommended that the petition be denied because it was procedurally barred, and the district court adopted the recommendation. Gonzales seeks to appeal.

## II

Gonzales initially filed his petition pursuant to 28 U.S.C. § 2254, which allows state prisoners to challenge the validity of their convictions. *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir.2000). The district court interpreted Gonzales's petition as a § 2241 petition, a characterization with which Gonzales has agreed. We concur because the petition is an "attack on the execution of [Gonzales's] sentence." *Id.; see United States v. Furman,* 112 F.3d 435, 438 (10th Cir.1997) (stating that challenges relating to good-time credits should be brought under § 2241).

"On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody,* 146 F.3d 1257, 1259 (10th Cir.1998) (citing *Coleman v. Thompson,* 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Although Gonzales's brief before us focuses on the merits of his claims regarding the state revocation of his time served credits, we liberally construe his pro se briefs to challenge the district court's conclusion that his § 2241 petition is procedurally barred.

## A

Gonzales disputed before the district court whether the procedural bar applies to § 2241 petitions. We reject Gonzales's argument.

The applicability of the procedural bar to a habeas claim is closely tied to the question of whether that habeas claim must be exhausted in state court before a federal court will hear it. If § 2241 claims that are not raised before a state court and that may no longer be brought before the state court because of a procedural bar could nonetheless be brought before a federal court, "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Coleman,* 501 U.S. at 732, 111 S.Ct. 2546. As a result, if the exhaustion requirement applies to § 2241 petitions, the procedural bar must apply to them as well. Because it is well-settled that claims raised in § 2241 petitions must be exhausted in state court before a federal court will hear them, *see Montez,* 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."), we conclude that the procedural bar applies to § 2241 petitions. *See McAtee v. Cowan,* 250 F.3d 506, 509 (7th Cir.2001) (applying the procedural bar to a § 2241 petition).

## B

In order for federal habeas claims to be procedurally barred, the state procedural grounds relied upon for the bar must be independent of federal law and adequate. State procedural grounds are "indepen-

---

1. The OCCA noted in its denial that Gonzales had filed a motion for reconsideration with the district court, which was denied on January 18, 2000. However, the OCCA stated that even if it assumed that the denial of this motion for reconsideration restarted the thirty-day clock for the purposes of Rule 10.1(C), Gonzales's petition was nevertheless untimely. (Resp. Pet. Writ Habeas Corpus Ex. C at 2.).

dent" if the state court has "relie[d] on state law, rather than federal law, as the basis for the decision." *English,* 146 F.3d at 1259. Where the state procedural grounds are the exclusive grounds for the denial by the state court of the prisoner's claims, as they were here (Resp. Pet. Writ Habeas Corpus Ex. C), the grounds are clearly independent of federal law, *see Steele v. Young,* 11 F.3d 1518, 1521 (10th Cir.1993).

For a state ground to be adequate, the state courts must have "strictly or regularly" applied the bar "to the type of claim at issue," *id.* at 1523 (quotation omitted), or in other words "applied [the bar] evenhandedly to all similar claims," *Hickman v. Spears,* 160 F.3d 1269, 1271 (10th Cir. 1998) (quotation omitted). This analysis requires us to examine in detail the cases in which the state courts have failed to apply the procedural bar. If the claims in those cases are similar to the claims in the instant case, that is an indication that the state courts are not strictly or regularly applying the bar. *See, e.g., Maes v. Thomas,* 46 F.3d 979, 986–87 (10th Cir.1995); *Andrews v. Deland,* 943 F.2d 1162, 1190–92 (10th Cir.1991); *Gutierrez v. Moriarty,* 922 F.2d 1464, 1469–72 (10th Cir.1991). Even an "occasional act of grace" by the state courts in failing to apply the procedural bar will not render the bar inadequate, as long as it has been applied in the "vast majority of cases." *Andrews,* 943 F.2d at 1190 (quotations omitted).

We have found four cases, excluding this one, in which Rule 10.1(C) has been relevant.[2] In three of them, the OCCA has strictly applied the rule and prohibited an

appeal that was untimely or improperly filed. *See Martin v. Gibson,* 28 Fed.Appx. 866, 867 (10th Cir.2001) (unpublished) (holding that the OCCA's refusal to hear an appeal because of the failure to attach an order of the state district court in compliance with Rule 10.1(C) was an independent and adequate state ground barring federal habeas review); *Whitmore v. Kaiser,* No. 99–6015, 1999 WL 288498, at *1 (10th Cir. May 10, 1999) (unpublished) (holding that the OCCA's refusal to hear an appeal because of the failure to provide certified records to the OCCA in compliance with Rule 10.1(C) was an independent and adequate state ground barring federal habeas review); *Delfrate v. Okla. Dep't of Corr.,* 991 P.2d 549, 550 (Okla.Crim.App. 1999) (noting that the OCCA had refused a previous appeal by appellant because of failure to comply with the time limits of Rule 10.1(C)).

The one case where the OCCA has not applied the rule is *Maynard v. Brown,* 860 P.2d 801 (Okla.Crim.App.1993). In *Maynard,* it was the State that had failed to timely appeal from a district court's granting of a writ of mandamus on behalf of a prisoner. *Id.* at 802. The OCCA directed the State to explain why it had failed to timely seek relief. It then subsequently allowed the State to file an untimely appeal because of "[e]xtenuating circumstances"[3] and because conflicting decisions on the point of law at issue in the case had been rendered in multiple state district courts. *Id.* at 802–03.

The case law before us demonstrates that the OCCA has applied the procedural bar of Rule 10.1(C) in an adequate manner

---

**2.** The paucity of cases applying a procedural bar does not necessarily prevent us from finding that the bar is "firmly established" and therefore adequate. *See Duvall v. Reynolds,* 139 F.3d 768, 797 (10th Cir.1998).

**3.** Oklahoma's rules for criminal appeals do allow for an appeal out of time which may be granted "upon the ability to prove" that the appellant "was denied an appeal through no fault of his/her own." Okla. R.Crim. Ct.App. 2.1(E)(1), Okla. Stat. tit. 22, ch. 18., App.

for similarly situated cases. The one case in which the OCCA did not apply that procedural bar involved a situation where "inmates similarly situated in the custody of the Department of Corrections [were] being treated differently" because of conflicting decisions by the state district courts, and the OCCA wished to resolve quickly and definitively the question of law at issue. *Id.* at 803. Gonzales has not met his burden of showing that the state procedural rule has been applied inconsistently or irregularly in cases similar to his. *See Odum v. Boone,* 62 F.3d 327, 331 (10th Cir.1995) (stating that petitioner had "not demonstrated either one of the two recognized exceptions to the procedural bar is applicable"). We hold that the procedural bar of Rule 10.1(C) was adequate.

### C

Our next step is to consider whether Gonzales has demonstrated "cause and prejudice," or a "fundamental miscarriage of justice" such that the procedural bar should not apply.

" 'Cause' must be something 'external to the petitioner, something that cannot fairly be attributed to him.' " *Steele,* 11 F.3d at 1522 (quoting *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546). Gonzales has provided us with no explanation as to why he failed to timely appeal the state district court decision and therefore has provided no ground as "cause" for failure to comply with the state's procedural rules. Gonzales's "status as a pro se petitioner and his deficiencies in reading and writing skills are not external factors that prevented" him from complying with the state's procedural requirements and therefore do not "constitute 'cause' for the default." *Id.* Because Gonzales has not shown "cause," we need not consider "prejudice."

The fundamental miscarriage of justice exception only applies where "the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Id.* (quotation and emphasis omitted). We need not decide whether Gonzales has shown that a "constitutional violation"—the first requirement of the miscarriage of justice exception, *Gilbert v. Scott,* 941 F.2d 1065, 1068 n. 2 (10th Cir.1991) (quotation omitted)—occurred during the revocation of his time served credits because we can resolve the issue based on whether Gonzales has made a "colorable showing of factual innocence." *Steele,* 11 F.3d at 1522. Gonzales's claim is that his time served credits were improperly revoked for refusing to enter the SOTP, when he actually did not enter the SOTP because of his ineligibility for the program. If his claim is true, then he would in effect be serving an additional five years in prison for an action he never committed. We assume, without deciding, that if Gonzales provided a "colorable showing" in support of this claim—in effect, a claim that a prisoner is innocent of the alleged behavior for which time served credits have been revoked—he might satisfy the "factually innocent" requirement.

Even with this assumption, Gonzales has not made any "colorable showing" of factual innocence in this case. The state district court made a factual finding that Gonzales "refused sex offender treatment on 8–18–94." (Resp. Pet. Writ Habeas Corpus Ex. B). Bearing in mind the high standard that must be met for a showing of "actual innocence," *cf. Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) ("The meaning of actual innocence ... does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."), our review of the record reveals insufficient evidence presented by Gonzales to overturn that find-

ing of fact by the state court. *Cf. Klein v. Neal,* 45 F.3d 1395, 1400–01 (10th Cir. 1995) (analyzing whether the fundamental miscarriage of justice exception has been met in the context of a § 2254 petition where the state court made a factual finding relevant to the determination of whether petitioner was actually innocent). Because we do not overturn the state court finding of fact that Gonzales refused to participate in the SOTP, Gonzales has failed to provide a "colorable showing of factual innocence." *Steele,* 11 F.3d at 1522.

### III

We deny Gonzales's application for a certificate of appealability because he has failed to make a substantial showing of the denial of a constitutional right such that reasonable jurists could debate whether the petition should be resolved in a different manner. *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Gonzales's motion to proceed in forma pauperis is GRANTED, his application for a certificate of appealability is DENIED, and this matter is DISMISSED.

The mandate shall issue forthwith.