**Quordalis v. SANDERS, Petitioner–Appellant,**

v.

**Daniel BERTRAND,* Respondent–Appellee.**

**Quordalis V. Sanders, Petitioner–Appellant,**

v.

**John C. Shabaz, District Judge for the Western District of Wisconsin, Respondent–Appellee.**

No. 02–2383, 02–3010.

United States Court of Appeals, Seventh Circuit.

Submitted March 11, 2003.**

Decided March 27, 2003.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

\* We have substituted Daniel Bertrand, the Warden of Green Bay Correctional Center,

where Sanders is currently incarcerated, as the appellee in case no. 02–2383. Fed. R.App. P. 43(b).

\*\* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are

Before EASTERBROOK, DIAMOND
ROVNER, EVANS, Circuit Judges.

### ORDER

Wisconsin prisoner Quordalis V. Sanders sought relief under 28 U.S.C. § 2254 from several decisions of a prison disciplinary board. Judge John C. Shabaz dismissed Sanders' petition because he failed to exhaust available remedies in Wisconsin. Sanders then filed suit against the judge, alleging that he conspired with the State to deny him relief. Sanders sought both damages from the judge and an order directing his immediate release. The second case was assigned to Chief Judge Barbara C. Crabb, who dismissed it as frivolous. We have consolidated Sanders' appeals for purposes of this decision.

The prison disciplinary board at Columbia Correctional Institution found Sanders guilty of violating prison rules and sanctioned him with segregation and loss of good-time credits on five occasions between March 2001 and March 2002. In October 2001, Sanders petitioned for a writ of certiorari in the circuit court for Racine County challenging two of the sanctions. When the circuit court did not issue a decision with the dispatch Sanders expected, he petitioned the Wisconsin Court of Appeals and the Wisconsin Supreme Court to compel a ruling or else grant his petition directly. Both courts refused relief and directed Sanders to wait for the circuit court to act. But in March 2002, Sanders—though still waiting for a decision

from the circuit court on his petition—filed the federal petition for a writ of habeas corpus that led to these appeals. In his petition, Sanders challenged four of the five sanctions lodged against him. Judge Shabaz, as we noted, dismissed Sanders' petition for failure to exhaust state remedies.

Section 2254 requires that state prisoners challenging the loss of good-time credits "exhaust adequate and available state remedies before proceeding to federal court." *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir.2001); *see* 28 U.S.C. § 2254(b)(1). On appeal from the Shabaz judgment, Sanders asserts that he exhausted his state remedies by filing various petitions in state court. But a prisoner has not exhausted state remedies unless he has given the state courts a "full and fair opportunity to review" his case. *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir.2000). If a prisoner disagrees with the initial ruling, he must "invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court," before he can file a petition in federal court. *McAtee*, 250 F.3d at 508–09. Sanders did not wait for the state court to complete its review of his petition for a writ of certiorari, and he has never even challenged two of the sanctions in the circuit court. Thus, Sanders did not complete the process of review by the state court, and Judge Shabaz properly dismissed his petition without prejudice. *See Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir.2001) ("If he either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

Fed. R.App. P. 34(a)(2).

submitted on the briefs and the records. *See*

Which brings us to the suit against Judge Shabaz. When Sanders' petition for habeas corpus relief was dismissed, his recourse was the appeal that he filed, not a separate lawsuit against the judge who issued the adverse ruling. Sanders' claim for damages is barred because "judges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan,* 270 F.3d 430, 434 (7th Cir. 2001); *see Stump v. Starkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Since Sanders' claim is based solely on his dissatisfaction with actions that Judge Shabaz took in his capacity as a judge, the judge is immune from this suit. And Sanders' request that Judge Crabb direct his release-the relief he wanted but did not get from Judge Shabaz—is a nonstarter because an individual in custody pursuant to the judgment of a state court cannot utilize civil actions to attack the validity or length of his sentence. *Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Accordingly, we agree that Judge Crabb properly dismissed Sanders' suit against Judge Shabaz as frivolous.

The judgments in both cases are AFFIRMED. Sanders incurred a strike when he brought his frivolous suit against Judge Shabaz, and he receives another for appealing the dismissal. *See* 28 U.S.C. § 1915(g).