**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 11, 2008[*]
Decided June 12, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3471

| | |
|---|---|
| CEDRIC DUPREE,<br>    *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 07-1149 |
| EDDIE JONES, Warden,<br>    *Respondent-Appellee*. | Michael M. Mihm,<br>*Judge*. |

**O R D E R**

Cedric Dupree, an Illinois prisoner, appeals from the district court's dismissal of his petition under 28 U.S.C. § 2254, in which he claimed constitutional violations stemming from the revocation of good-time credits. The state, for its part, has moved to dismiss

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

Dupree's appeal under FED. R. APP. P. 28(a)(9).  We deny the state's motion and affirm the judgment.

Dupree, who is serving a 10-year sentence for theft and a concurrent 5-year sentence for false impersonation of a police officer, has been disciplined multiple times for misconduct.  As a result, over the course of several years prison authorities revoked a total of 86 months of good-time credits.  Dupree contested the revocations, but each time the Administrative Review Board upheld the sanction.  In 2006, Dupree asked the Supreme Court of Illinois for leave to pursue mandamus relief to collectively contest the revocations, *see* 735 ILL. COMP. STAT. 5/10, 5/14; ILL. COMP. STAT. S. CT. R. 381, and the court denied his request.

Dupree then filed his § 2254 petition, claiming that if he still had his good-time credits he would be free.  He asked the district court to appoint counsel to help him pursue his petition, but the court declined.  The district court granted the state's motion to dismiss Dupree's petition, holding that Dupree had not exhausted his state-court remedies before filing his § 2254 petition.

The state has moved to dismiss Dupree's appeal under FED. R. APP. P. 28(a)(9).  Although Dupree's brief is sparse, we deny the state's motion because we can follow the two arguments he makes.

Dupree first argues that he exhausted his claims in state court by directly petitioning the Supreme Court of Illinois for leave to pursue mandamus relief.  When that court denied his petition, says Dupree, his claims were exhausted and the door to federal court was opened.

We review the dismissal of a § 2254 petition de novo.  *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003).  A state prisoner seeking restoration of lost good-time credits must exhaust state-court remedies before turning to federal court, or else show cause and prejudice for failing to exhaust.  28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).  To exhaust his remedies, a state prisoner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509.

When a state provides multiple remedies, one of which allows a prisoner to bring his claim directly to the state supreme court without first asking the trial and appellate courts to rule on it, the prisoner has not fully exhausted his state-court remedies by pursuing only that direct remedy unless the supreme court's denial of his request would bar him from bringing his claim anew in the trial and appellate courts. *See Crump v. Lane*, 807 F.2d 1394, 1395 (7th Cir. 1986). Illinois allows a prisoner to circumvent the state trial and appellate courts and directly ask the supreme court for mandamus relief, *see* 735 ILL. COMP. STAT. 5/10, 5/14; ILL. COMP. STAT. S. CT. R. 381, but the supreme court's denial of relief does not prevent a prisoner from starting over with the trial court and pursuing a full round of state-court review. *See Crump*, 807 F.2d at 1396 (citing *Monroe v. Collins*, 393 Ill. 553, 556-57, 66 N.E.2d 670, 672 (1946)). Thus, a prisoner who does nothing more after being turned away by the supreme court has not pursued a *full round* of state-court review, and thus, has not exhausted. *See id*. The district court, therefore, properly held that Dupree did not exhaust his claims before filing his § 2254 petition. Moreover, Dupree has abandoned any contention that he had cause for failing to exhaust.

Dupree also contends that the district court should have appointed counsel to "give him a chance" of succeeding on the merits. We review a refusal to appoint counsel in a § 2254 proceeding for abuse of discretion, *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997), and we see no abuse here. After all, Dupree did not exhaust his state-court remedies, and counsel could not have changed that. *See id.* (noting that denial of counsel cannot be abuse of discretion unless pro se litigant has reasonable chance of success with counsel).

Accordingly, we DENY the state's motion to dismiss and AFFIRM the district court's judgment.