NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 22, 2009[*]
Decided July 22, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-1260

| | |
|---|---|
| ANTHONY L. ROBERTS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-808 |
| LARRY L. JENKINS,<br>    *Defendant-Appellee*. | William C. Griesbach,<br>*Judge*. |

### O R D E R

Anthony Roberts, a Wisconsin prisoner, filed a petition for habeas corpus under 28 U.S.C. § 2254 challenging his loss of good-time credits and the extension of his final discharge date following the revocation of his parole.  The district court dismissed his petition for procedural default and we affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Wisconsin released Roberts on parole after he had served six years of a twenty-five-year sentence for delivering crack and violating a tax-stamp law.  Eight years after his release, in October 2007, an administrative judge revoked Roberts's parole for, among other violations, beating his girlfriend.  The judge ordered Roberts reincarcerated for 68 months and held that Roberts had forfeited his good-time credits, resulting in an extension of his maximum discharge date from 2016 to 2026.  The administrative review board affirmed the judge's decision and advised Roberts that any further challenge must be brought within forty-five days via a petition for collateral relief in Wisconsin state court.  Ninety-five days later Roberts filed a petition for collateral relief in state court.  He did not, however, serve the warden with a copy of his petition, and so the state court dismissed it.  Roberts skipped over the Wisconsin Court of Appeals, and instead of appealing the dismissal, filed a second collateral petition with the Wisconsin Supreme Court.  That petition also was dismissed.

In September 2008 Roberts filed his § 2254 petition arguing that the extension of his maximum discharge date violated his constitutional rights.  The district court held that by failing to properly raise his argument in the Wisconsin circuit court and entirely skipping appellate review, Roberts had failed to exhaust his state remedies.  The court therefore dismissed the petition for procedural default.

We review the dismissal de novo.  *See Bintz v. Bertrand*, 403 F.3d 859, 864 (7th Cir. 2005).  A prisoner wishing to challenge the loss of good-time credits must exhaust available state-court remedies before turning to federal court.  28 U.S.C. § 2254(b)(1); *Lieberman v. Thomas*, 505 F.3d 665, 667 (7th Cir. 2007).  In Wisconsin that remedy is a petition for a common-law writ of certorari.  *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001).  In order to satisfy the exhaustion requirement, a prisoner must "fairly present" his claim in each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *McAtee*, 250 F.3d at 509.  Roberts did not present his claim to the Wisconsin Court of Appeals and thus defaulted it.  And although he tried unsuccessfully to circumvent a full round of state-court review by seeking collateral relief directly from the Wisconsin Supreme Court, this failed effort did not fulfill the exhaustion requirement.   *See Crump v. Lane*, 807 F.2d 1394, 1395 (7th Cir. 1986); *see also Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008).  Roberts has never argued that his default should be excused, *see, e.g.*, *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), and so any such argument is waived, *see Aliwoli v. Gilmore*, 127 F.3d 632, 634-35 (7th Cir. 1997).  The district court correctly concluded that Roberts's arguments were procedurally defaulted.

**AFFIRMED**.