> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010[*]
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-4087

| | |
|---|---|
| JAEL K. SPEIGHTS, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-cv-517-bbc |
| | |
| PETER HUIBREGTSE, | Barbara B. Crabb, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Jael Speights, a Wisconsin inmate, brought this action under 28 U.S.C. § 2254 after he was disciplined and sanctioned with the loss of good time. The district court denied the petition. We affirm the judgment.

A sergeant at the prison where Speights was housed accused him of soliciting her sexually and pouring semen into her open soft drink while she was away from her desk.

---

[*]The respondent was not served with process in the district court and is not participating in this appeal. After examining the brief and the record, we conclude that oral argument is not necessary. *See* FED. R. APP. P. 34(a)(2)(B).

According to the sergeant, Speights had borrowed a pen shortly before her drink was contaminated, and when she went to his cell to retrieve the pen, Speights was naked. Later, after the sergeant momentarily left her desk to store a toilet plunger that Speights returned to her, she discovered the tainted drink. The sergeant added that Speights had previously told her he would "fraternize" with her if he knew he wouldn't be punished. A captain interviewed the sergeant and watched a surveillance video showing that Speights was alone near the sergeant's desk during the relevant time frame. And an investigator told the captain that Speights had admitted masturbating in his cell before the sergeant's drink was tampered with. Relying on a conduct report drafted by the captain and a written statement from Speights, a hearing committee found Speights guilty of battery, sexual conduct, and soliciting prison staff. *See* WIS. ADMIN. CODE §§ DOC 303.12(2), 303.15(1)(d) & (f), 303.26(6). The hearing committee never watched the surveillance video, but Speights had the help of a staff advocate, and the advocate had watched the tape and assured the committee that it did not contain exculpatory evidence.

After exhausting his administrative remedies, Speights sought review in the Wisconsin courts, as he was required to do before turning to federal court. *See McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). Speights argued that there was insufficient evidence to sustain the disciplinary charges. A Wisconsin circuit court upheld the hearing committee's decision and the Wisconsin Court of Appeals affirmed the circuit court. *See State ex rel. Speights v. Grams*, 768 N.W.2d 63, 2009 WL 617559 (Wis. Ct. App. 2009) (unpublished opinion). The appeals court deemed the evidence adequate to support the hearing committee's determination and, in reaching that conclusion, reasoned that *State ex rel. Ortega v. McCaughtry*, 585 N.W.2d 640, 388-90 (Wis. Ct. App. 1998) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)), authorized the committee to rely on the captain's summary of the surveillance video instead of reviewing it directly. *Grams*, 2009 WL 617559, at *1-2. Speights did not timely seek review with the Wisconsin Supreme Court.

Speights then filed his petition for habeas corpus. He argued that the hearing committee did not provide an adequate statement of reasons explaining its decision and also had been required to view the surveillance video. The district court conducted a preliminary review of his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and dismissed it. The district court noted that Speights had not sought review with the Wisconsin Supreme Court, as would normally be required, but concluded it was appropriate to bypass the issue of procedural default because Speights's petition failed on the merits. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). The district court analyzed the opinion of the Wisconsin appellate court and was satisfied that Speights could not show that the appellate court unreasonably applied federal law. In particular the court concluded that the Wisconsin Court of Appeals "was correct in

stating that the disciplinary hearing committee was not required to view the video surveillance tape."

On appeal, Speights does not challenge the district court's review of the decision of the Wisconsin Court of Appeals but instead complains generally that the hearing committee, and all of the intermediate courts leading to this one, should have reviewed the surveillance video. But the Wisconsin courts decided the merits of Speights's challenge to his prison discipline, so 28 U.S.C. § 2254(d) cabins the scope of federal review. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 763-66 (7th Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 633, 639 (7th Cir. 2000). A district court cannot grant relief unless the state-court adjudication was contrary to or an unreasonable application of federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); *Lucas v. Montgomery*, 583 F.3d 1028, 1030 (7th Cir. 2009). Speights does not argue that the district court erroneously applied § 2254(d), so the judgment must stand.

AFFIRMED.